# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PHILLIP M. BRUNTY,**
**Claimant Below, Petitioner**

**FILED**
December 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0594** (BOR Appeal No. 2046617)
                      (Claim No. 2011014118)

**PETROLEUM PRODUCTS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Phillip M. Brunty, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Petroleum Products, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 20, 2012, in which the Board affirmed an October 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 10, 2010, decision rejecting Mr. Brunty's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Brunty worked as a truck driver for Petroleum Products, Inc. Mr. Brunty filed an application for workers' compensation benefits for right carpal tunnel syndrome on October 26, 2010. Dr. Carlson noted that Mr. Brunty presented with complaints of numbness in his right index, middle, and ring fingers as well as right side neck pain on June 2, 2006. Dr. Padmanaban diagnosed Mr. Brunty with bilateral carpal tunnel syndrome. Dr. Joseph concluded that an EMG revealed mild to moderate right carpal tunnel syndrome and normal findings for the left side. Dr. Bailey determined that Mr. Brunty's right carpal tunnel syndrome was not an occupational injury. After reviewing the additional medical evidence, Dr. Bailey opined that Mr. Brunty's right hand complaints of numbness, pain, and decreased grip strength are due to cervical etiology

1

of his upper right extremity. The claims administrator denied Mr. Brunty's application for workers' compensation benefits.

The Office of Judges affirmed the claims administrator's decision and held that based upon the preponderance of the evidence, Mr. Brunty's right carpal tunnel syndrome did not result from his truck driving. Mr. Brunty disagrees and asserts that the Office of Judges relied heavily on Dr. Bailey's report over the reports of Dr. Padmanaban and Dr. Joseph who are his treating physicians. He further argues that his symptoms are not caused by his previous neck injury that occurred on March 7, 2003, because those symptoms had ceased before the new symptoms began. Petroleum Products, Inc. maintains that Mr. Brunty failed to demonstrate with reliable and credible evidence that the claims administrator's decision was clearly wrong and that the Board of Review's findings of fact are manifestly against the weight of the evidence.

Mr. Brunty complained of numbness in his right index, middle, and ring fingers with pain in the right side of his neck as early as June 2, 2006, when evaluated by Dr. Carlson for prior injuries. Dr. Padmanaban, Dr. Joseph, and Dr. Bailey diagnosed Mr. Brunty with right carpal tunnel syndrome. Dr. Bailey opined that Mr. Brunty's right carpal tunnel syndrome was not occupational because his job responsibilities did not include highly repetitious, highly forceful, extremely awkward or require prolonged use of his hands. She further opined that the right carpal tunnel syndrome was solely the result of his personal risk factors such as increased weight.

After reviewing additional medical evidence, Dr. Bailey concluded that Mr. Brunty's complaints of right hand pain, numbness, and decreased grip strength are due to cervical etiology of his upper right extremity. The Office of Judges determined that Mr. Brunty did not submit any evidence to counter Dr. Bailey's report. The Office of Judges held that Mr. Brunty has not demonstrated his right carpal tunnel syndrome resulted from his responsibilities as a truck driver and that he has other risk factors and has sustained other injuries that most likely caused his condition. The Board of Review reached the same reasoned conclusions in its decision of April 20, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 17, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman

2

Justice Menis E. Ketchum
Justice Allen H. Loughry II